**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN R. WILLIAMS, JR.,
Plaintiff-Appellant,

v.

DEPARTMENT OF VETERANS AFFAIRS,
Defendant-Appellee,                                          No. 97-1896

and

SHERWIN E. LITTLE, Ph.D.; PHILLIP
M. HAMME, MSW; LINDA WILSON,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-94-1545-A)

Submitted: September 22, 1998

Decided: October 22, 1998

Before ERVIN and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John R. Williams, Appellant Pro Se. Larry Lee Gregg, Assistant
United States Attorney, Richard Wayne Sponseller, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John R. Williams, Jr., filed a complaint against the Department of Veterans Affairs (DVA) in 1994 alleging violations of the Privacy Act, 5 U.S.C. § 522a(g)(1) (1994) as a result of the DVA's refusal to release drafts of certain documents which were contained in the DVA's computer files. In a prior appeal, we reversed the district court's judgment in favor of the DVA, (1) finding that the documents at issue were "records" within the meaning of the Act, and (2) remanding for further factual findings to determine whether these records were contained within the DVA's "system of records." See Williams v. Department of Veterans Affairs, 104 F.3d 670 (4th Cir. 1997). Because Williams had obtained, during the course of discovery, the documents at issue, we noted that the "entire purpose of this appellate litigation is to determine whether [Williams] has `substantially prevailed' so that his counsel may collect attorney's fees and costs pursuant to 5 U.S.C. § 552a(g)(3)(B)." Williams, 104 F.3d at 671 n.2.

Thereafter, Williams' attorneys and the United States entered into a settlement agreement in which the United States agreed to pay to his attorneys $10,097.50 in attorney's fees and costs, thereby avoiding any further litigation. At the hearing on the parties' motion to approve the settlement agreement, which Williams opposed, the district court again found, based on evidence before the court, that Williams had obtained the documents he had requested and approved the settlement agreement. Williams appeals.

To the extent that Williams challenges the settlement agreement, he has failed to provide any legal basis for setting aside the agreement. And to the extent that Williams maintains that he has not received the documents he requested, we find that the record supports both the district court's finding, and this court's finding in Williams' prior appeal, that he has in fact received those documents.

2

Accordingly, we deny Williams' motion to amend the appeal to raise additional claims and affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

3